1 | BARRY J. PORTMAN
Federal Public Defender
2 | DANIEL P. BLANK
Assistant Federal Public Defender
3 | 450 Golden Gate Avenue
San Francisco, CA 94102
4 | Telephone: (415) 436-7700

5 | Counsel for Defendant VELOZ-MANZO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-09-0240 MHP |
|---|---|---|
| Plaintiff, | ) ) | **DEFENDANT VELOZ-MANZO'S** |
| v. | ) ) | **SUPPLEMENTAL BRIEFING ON** **MOTION TO DISMISS INDICTMENT** |
| HUMBERTO VELOZ-MANZO, | ) ) | |
| Defendant. | ) ) | |

**ARGUMENT**

The Ninth Circuit's recent case, *United States v. S-Yong,* 2009 WL 2591671 (9th Cir. Aug. 25, 2009), further supports the motion of Defendant Humberto Veloz-Manzo to dismiss the indictment. In that case, the Ninth Circuit held that the government failed to meet its burden of proving that an alien was removable based upon a prior criminal conviction, where the government did not present to the Immigration Judge ("IJ") any cognizable documentation regarding the prior conviction in support of the removal and instead sought to rely on the (accurate) admissions of the alien. *See id.* at *5-*6. Likewise here, the government did not present to the IJ any documentation in support of its contention that Mr. Veloz-Manzo was removable based upon a prior criminal conviction, and instead seeks now to rely on his (undeniably inaccurate) admissions before the IJ.

The government in its supplemental opposition seeks to cabin the Ninth Circuit's decision in *S-Yong* to the modified categorical approach. *See* Gov. Supp. at 1-2. However, the Ninth Circuit makes no such distinction between the categorical and modified categorical approaches, with respect to the government's burden of proof and the evidentiary value of an alien's admissions in the absence of any proper documentation. On the contrary, the Ninth Circuit in *S-Yong* explained that "the modified categorical approach hews to the categorical approach" with respect to what evidence may be considered in determining whether an alien is removable based upon a prior conviction. *S-Yong,* 2009 WL 2591671 at *5.

Thus, even if the government were correct that a conviction under California Penal Code § 245(a)(1) constitutes a categorical aggravated felony crime of violence, the government still must produce sufficient proof of that prior conviction to the IJ before the alien may be removed. Here, the government produced no such documentation to the IJ in support of its charge that Mr. Veloz-Manzo was removable based upon a prior criminal conviction, and he was subsequently removed based solely on his own admissions regarding his criminal history, which were not even accurate.

Accordingly, the Court should find that Mr. Veloz-Manzo's due process rights were violated in his 2008 removal proceeding when the IJ failed to hold the government to its burden of proof.  Moreover, the Court should find that Mr. Veloz-Manzo was prejudiced by this denial of due process since it is at least plausible that he would have been granted some form of relief had his removal proceeding been conducted in conformity with due process.[1]  As a result, and for the reasons more fully presented in the previously filed memoranda in support of Mr. Veloz-Manzo's motion, the Court should dismiss the indictment.

## CONCLUSION

For the aforementioned reasons, Court should grant the motion to dismiss the indictment against Mr. Veloz-Manzo.

Dated: September 9, 2009

                                              Respectfully submitted,

                                              BARRY J. PORTMAN
                                              Federal Public Defender

                                              /s/

                                              DANIEL P. BLANK
                                              Assistant Federal Public Defender

---

[1] As an initial matter, had the IJ served as a neutral arbiter, held the government to the correct burden of proof, and applied the correct legal standards, the removal charge could not have been legally sustained to begin with.  Moreover, had the IJ correctly advised Mr. Veloz-Manzo as to his eligibility for relief, Mr. Veloz-Manzo could have moved to terminate the proceedings, or, after the IJ had rendered his decision, moved for reconsideration.  Finally, he could also have appealed to the Board of Immigration Appeals.  Given the numerous legal flaws in Mr. Veloz-Manzo's removal proceedings, it is more than plausible that Mr. Veloz-Manzo would have received some form of relief from deportation.

SUPP. BRIEF ON MOT. TO DISMISS                 - 2 -